## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [27]

### I.    Introduction

Before the Court is a motion to dismiss brought by Upfield US Inc. ("Defendant"). Dkt. 27 ("Mot."). For the following reasons, the motion is GRANTED.

### II.    Factual and Procedural Background

Defendant sells a 79% vegetable oil blend identified as "Plant Butter" (the "Product"). First Amended Complaint ("FAC") ¶ 37, ECF No. 25. The Product's front label displays the words "made with avocado oil" or "with avocado oil" and a picture of a partial avocado in the upper right-hand corner. *Id*. It also states "79% vegetable oil spread" in the bottom left-hand corner. *Id*. Avocado oil is a type of vegetable oil known for its healthy qualities. *Id*. ¶¶ 13–14. Sellers of vegetable oil blends have sought to promote avocado oil in response to the declining popularity of vegetable oil spreads caused by growing health concerns. *Id*. ¶¶ 4–14. On the back of the Product's packaging, there is an ingredient list which suggests that avocado oil is an ingredient in the Product but in an amount less than other vegetable oils. *Id*. ¶ 39.

Karissa Gates and Janine Hwang (collectively, "Plaintiffs") bought the Product between December 2019 and December 2023 with the expectation that the Product was made with a significant and/or predominant amount of avocado oil. *Id*. ¶¶ 95–103. Plaintiffs claim that the front label of the

| Initials of Preparer | : |
|---|---|
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

Product creates an erroneous impression that avocado oil is present in an amount greater than what is actually the case. *Id.* Specifically, Plaintiffs claim that the term "plant butter", combined with "made with avocado oil"/ "with avocado oil" and pictures of avocados, causes consumers to expect the Product's primary ingredient is avocado oil, or that avocado oil is present in more than a de minimis amount. *Id.* Plaintiffs contend that had they known the amount of avocado oil was de minimis, they would not have bought the Product or would not have paid a premium price for the Product.[1] *Id.* ¶¶ 104–05.

Plaintiffs bring three causes of action: (1) violation of the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200 et seq.; (2) violation of the California False Advertising Law ("FAL"), California Business and Professions Code Section 17500 et seq.; and (3) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code Section 1750 et seq.. *Id.* ¶¶ 121–45.

### III.    Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal

---

[1] Plaintiffs claim that the Product is sold at a price higher than similar products represented in a non-misleading way. However, Plaintiffs did not provide any information regarding the prices of those non-misleading products to support their allegation that the price of the Product is actually higher than its market equivalents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## IV.   Discussion

Claims under the UCL, FAL, and CLRA are governed by the "reasonable consumer" standard.[2] *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). That standard requires that plaintiffs "show that members of the public are likely to be deceived." *Id.* (internal quotation marks and citation omitted). This requires more than a mere possibility that a defendant's label on its products "might conceivably be understood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citing *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 129 Cal. Rptr. 2d 486 (2003)). Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (citation omitted). The touchstone under the "reasonable consumer" test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers. *McGinity*, 69 F.4th at 1097.

Plaintiffs and Defendant disagree over whether the Product's back label should be considered when we decide whether the Product is deceptive. Plaintiffs, relying on *Williams*, contend that the back ingredient label should be excluded. *Williams*, 552 F.3d at 939 ("the back ingredient label [] could not cure the misleading nature of the front and side of [a] package.") But in *Williams*, there was a premise that the front label was indeed misleading. The Ninth Circuit further elaborated on this in *McGinity* and *Ebner*. The court held that "the front label must be unambiguously deceptive for a defendant to be precluded from insisting that the back label be considered together with the front label." *McGinity*, 69 F.4th at 1098.

---

[2] Plaintiffs' claim under UCL is actually preempted because it is an impermissible attempt to privately enforce the FDCA. *See Telebrands Corp. v. Luminas Intl. LLC*, No. 3:22-CV-00891, 2023 WL 6370902, at *3 (S.D. Cal. July 12, 2023) (denying UCL claim alleging defendant's pain patches violated the FDCA and Sherman Law); *see also Somers v. Beiersdorf, Inc.*, 467 F. Supp. 3d 934 at 939–40 (S.D. Cal. 2020) (denying UCL "unlawful" claim based on violations of FDCA and Sherman Law).

Initials of Preparer                    :  _____

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

If the front label is not unambiguously deceptive, it may instead be "unambiguously non-deceptive" or "ambiguous." If it is unambiguously non-deceptive, there is no need to consider other clarifying information on the package. *Id.* at 1097–99. If it is ambiguous, courts "*must* consider what additional information other than the front label was available to consumers" in determining whether a reasonable consumer is likely to be deceived.[3] *Id.* at 1098 (emphasis added).

A front label is ambiguous if it has more than one reasonable meaning. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (holding that the label "100% New Zealand Manuka Honey" was ambiguous because it could mean several things.); *McGinity*, 69 F.4th 1093 at 1099 (holding that "Nature Fusion" was ambiguous because it could mean several things). It is therefore a high bar for a front label to be deemed unambiguously deceptive.

Here, we find the Product's front label to be ambiguous with regard to the amount of avocado oil it contains. Unlike a label declaring that the product is made entirely or predominantly with avocado oil, the phrase "with avocado oil" does not promise anything about the amount of avocado oil. It could thus reasonably be interpreted to mean any amount of avocado oil. Additionally, the front label states "79% vegetable oil" rather than "79% avocado oil." This further decreases the likelihood that a reasonable consumer will believe that the Product is made predominantly with avocado oil, as use of the general term "vegetable oil" implies that other kinds of vegetable oil are also present. Instead, reasonable consumers would necessarily require more information before they could definitively conclude that avocado oil is the predominant ingredient. The front label is ambiguous because it does not render only one reasonable interpretation regarding the amount of avocado oil. We are therefore required to consider the Product's back label, which resolves the ambiguity and makes clear that avocado oil is one ingredient within the "79% vegetable oil" but not a predominant one.

We find this case to be factually indistinguishable from *Ledezma v. Upfield US Inc.*, No. 22 C 1618, 2022 WL 16553039 (N.D. Ill. Oct. 31, 2022). In *Ledezma*, a similar product displayed the words

---

[3] Courts have split approaches when a product's front label is ambiguous. The Seventh Circuit has held that the back label could not cure an ambiguous front label. *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 477, 494 (7th Cir. 2020). However, we follow the Ninth Circuit's approach in *McGinity* here.

| Initials of Preparer | : |
|---|---|
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

"with olive oil", "45% vegetable oil spread" and depicted two olives on its front label. *Ledezma,* 2022 WL 16553039, at *3. The court in *Ledezma* decided that the product was not even ambiguous, but unambiguously non-deceptive to a reasonable consumer, because "the label's representations [did] not even obliquely suggest that the product contains a particular amount of olive oil, let alone the unspecified greater amount of olive oil expected by Ledezma." *Ledezma,* 2022 WL 16553039, at *13.

Plaintiffs contend that *McGinity* is inappropriate here for several reasons. Plaintiff's Opposition ("Opposition") at 4, ECF No. 30. We find none of these reasons tenable. First, Plaintiffs claim that the Product's front label is unambiguously deceptive. *Id.* Plaintiffs do not assert any grounds or cite any case to support this proposition. Second, Plaintiffs claim that it would be inconsistent with *Williams* to include the Product's back label into consideration. *Id.* at 6. As we noted, the Court in *McGinity* has fully addressed that we should follow the approach in *Williams* only when a front label has already been deemed as unambiguously deceptive, a premise that is lacking here. Third, Plaintiffs urge Defendant to introduce consumer surveys like the ones in *McGinity* to show that the Product's front label is in fact ambiguous. *Id.* at 6. There is no obligation for Defendant to do this. The only caselaw that Plaintiffs cite to support the proposition that Defendant is obligated to provide survey evidence is a vague reference to the *McGinity* case. Opposition at 6. Although consumer surveys were introduced in *McGinity*, the court there did not rely on those surveys to conclude the product's label was ambiguous. In fact, the court in *McGinity* explicitly stated that "the survey [was] not particularly instructive or helpful in deciding this case." *McGinity,* 69 F.4th at 1099.

Plaintiffs also introduce a number of cases where courts deemed a product's packaging misleading or deceptive. Opposition at 4–5, ECF No. 30. However, we find these cases to be sufficiently distinguishable from our case here. For example, Plaintiffs cite to *Sanders v. Hillshire Brands Co.*, where the court held that the phrase "made with whole grain" was arguably misleading when the primary ingredient was enriched wheat flour. *Sanders v. Hillshire Brands Co.*, No. 21-cv-1155, 2022 WL 2643974, at *3 (S.D. Ill. July 8, 2022). However, that case in not binding on this Court. Further, Seventh Circuit authority was binding law in *Sanders*. As previously discussed, the Seventh Circuit has held that a back label cannot cure an ambiguous front label—a different approach than the Ninth Circuit. *See* note 3 *supra*. That is not the approach that we are bound to follow. Plaintiffs also cite to cases where the ingredient in question was entirely missing or there were other contributing factors. *See, e.g., Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1080 (N.D. Cal. 2017) (finding that the statement "Real

Initials of Preparer                    :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:24-cv-00036-SVW-DTB | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Karissa Gates et al v. Upfield US Inc.* | | |

Fruit" in conjunction with the statement "Take care of you" was misleading because the latter statement implied that the product was healthy and would "take care" of the consumer—and the complaint alleged that the product was unhealthy because it contained excessive added sugar). Plaintiffs conveniently ignore these distinctions, while at the same time urging us to disregard *Ledezma* even though it bears much more resemblance to the present case. We find such arguments unappealing.

**V.      Conclusion**

For the foregoing reasons, Defendant's motion is GRANTED.

Plaintiffs must file an amended complaint in 14 days or else the case will be dismissed.

**IT IS SO ORDERED.**

Initials of Preparer                                      :

PMC